1

2

3

4                          IN THE UNITED STATES DISTRICT COURT

5                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    BENITO MELCHIORRE,                            No. C 05-01841 SI

8              Petitioner,                         **ORDER TO SHOW CAUSE**

9      v.

10   A. A. LAMARQUE,

11             Respondent.
     _____/

12

13         Benito Melchiorre, an inmate at California State Prison in Corcoran, filed this action seeking a writ of

14   habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now before the court for review pursuant to 28

15   U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

16

17                                      **BACKGROUND**

18         Petitioner states that, in San Mateo County Superior Court, he pled guilty to and was convicted of five

19   counts of lewd conduct on a child under 14.  He was sentenced to a term of sixteen years' imprisonment.  He

20   filed a petition for a writ of habeas corpus with the Superior Court, which was denied.  The California Court

21   of Appeal and the California Supreme Court denied his petition for review.  Petitioner then filed this action.

22

23                                      **DISCUSSION**

24         This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant

25   to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws

26   or treaties of the United States."  28 U.S.C. § 2254(a).  A district court considering an application for a writ

27   of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ

28

**United States District Court**
For the Northern District of California

should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition presents the issue of whether California Penal Code § 803(g)(3)(A)(iii), as applied to petitioner's case, violates the Ex Post Facto clause of the U.S. Constitution, based on the Supreme Court's ruling in Stogner v. California, 539 U.S. 607, 123 S. Ct. 2446 (2003).  The claim is cognizable in a federal habeas action and warrants a response from respondent.

**CONCLUSION**

For the foregoing reasons,

1.     The petition states cognizable claims for habeas relief and warrants a response.

2.     The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on petitioner.

3.     Respondent must file and serve upon petitioner, on or before **July 15, 2005**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4.     If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondent on or before **August 12, 2005**.

**IT IS SO ORDERED.**

Dated: May 20, 2005                                     S/Susan Illston_____
                                                                 SUSAN ILLSTON
                                                                 United States District Judge

United States District Court
For the Northern District of California

2