**United States District Court**
For the Northern District of California

1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    BENITO MELCHIORRE,                                    No. C 05-01841 SI

9              Plaintiff,                                  **ORDER DENYING PETITION FOR WRIT**
                                                           **OF HABEAS CORPUS**
10       v.

11   A. A. LAMARQUE,

12             Defendant.
                                                      /
13

14          On December 19, 2000, after entering a negotiated plea, petitioner Benito Melchiorre was convicted

15   in the San Mateo County Superior Court of five counts of lewd conduct on a child under 14 committed

16   between January 1, 1988 and January 9, 1989.  The statute of limitations for the offenses was six years under

17   California Penal Code Section 800.  Before the six-year period expired for any of the five offenses, the

18   California Legislature enacted Section 803(g), which permits the filing of a criminal complaint within one year

19   of the victim's report of the offenses so long as they involve defined substantial sexual conduct against minors

20   and there is independent evidence that clearly and convincingly corroborates the allegations.  *See* Cal. Penal

21   Code § 803(g).  Pursuant to his plea bargain, Melchiorre admitted that tolling  under Section 803(g) applied

22   "for purposes of obtaining the advantage of the plea," but he denied the factual basis of the allegation and

23   objected to the validity of the statute.  Reporter's Transcript ("RT") 12/19/00 at 17-18.

24          On May 4, 2005, Melchiorre filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C.

25   § 2254. Relying on *Stogner v. California*, 539 U.S. 607 (2003), Melchiorre argues that with respect to his

26   case, California revived the statute of limitations in violation of the Ex Post Facto Clause of the United States

27   Constitution.

28          Respondent has filed a motion to dismiss the petition as untimely, or alternatively on the merits.  After

United States District Court

For the Northern District of California

1   carefully considering the papers submitted by the parties, the Court hereby DENIES the petition.  Assuming

2   without deciding that the petition is timely, the Court concludes that as applied here, section 803(g) did  not

3   revive the limitations period for Melchiorre's crimes, but instead merely extended it.  The statute is therefore

4   not an unconstitutional ex post facto law.

5

6                                              **BACKGROUND**

7       The California Court of Appeal summarized the facts of this case as follows:

8       Benito Mario Melchiorre (defendant) was held to answer on 44 counts of sexual offenses
        against fictitiously identified victim John Doe.  The charges spanned a period from January
9       1986 to January 9, 1993, when Doe was under age 18, and the prosecution was initiated by
        complaint on January 19, 2000.  Given that the longest, six-year statute of limitation for any
10      of the offenses (Pen. Code, § 800; undesignated section references are to that code) had run,
        the complaint specially alleged tolling under subdivision (g) of section 803 (section 803(g)) –
11      that the complaint was filed within one year of November 6, 1999, when the victim reported
        the crimes to law enforcement.
12
        Following denial of a motion to dismiss (§ 995) for not meeting section 803(g) requisites,
13      defendant entered a negotiated disposition.  He pled guilty to five counts of lewd conduct with
        a child under age 14 (§ 288, subd. (a)), as charged in an amended information, and admitted
14      related serious-felony allegations (§ 1192.7, subd. (c)(6)) and tolling allegations for section
        803(g).  All other counts were dismissed, and he received a prison term of 16 years. . . .
15
        Doe had come forward in November 1999, at age 24, with his first report to police of sexual
16      abuse by defendant that had begun when he was age 11 (over 12 years younger than
        defendant) and continued beyond his reaching age 18.
17
        As revealed through police officer testimony at the preliminary hearing, Doe told of three
18      periods of abuse.  At ages 11 to 13, while he lived with his parents at La Honda, mutual oral
        copulation with defendant led to "consensual" or cooperative digital penetration and anal
19      intercourse once or twice a week in defendant's car.  From ages 14 to 16, the frequency
        increased and occurred in the car and in a trailer, with defendant becoming more manipulative.
20      At age 16, the sexual activity grew coercive and forcible as Doe sometimes resisted yet, under
        threats from defendant against him (once with a gun) and his family, feared to tell his parents.
21      Corroborating evidence came from defendant's admissions and from his prior molestation of
        a seven-year-old, Jason, and an offer of $200 to Eric, a boy age 13 or 14, to take his clothes
22      off. . . .

23   Respondent's Motion to Dismiss, Ex. 3 at 1-2.

24       Melchiorre pled guilty on December 19, 2000.  On December 18, 2001,  the California Court of

25   Appeal affirmed Melchiorre's sentence, and on March 20, 2002, the California Supreme Court denied review.

26   Melchiorre then filed a petition for writ of habeas corpus with the Superior Court for the County of San Mateo,

27   which was denied on September 25, 2003.  The California Court of Appeal denied the petition without

28

                                                    2

United States District Court

For the Northern District of California

1   decision on January 7, 2004, and the California Supreme Court denied review on March 16, 2005.

2        On May 4, 2005, petitioner filed this action. Now before the Court is respondent's motion to dismiss

3   the petition as untimely, or alternatively to deny the petition on the merits.

4

5   **LEGAL STANDARD**

6        This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant

7   to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws

8   or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any

9   claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1)

10  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

11  Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was

12  based on an unreasonable determination of the facts in light of the evidence presented in the State court

13  proceeding." 28 U.S.C. § 2254(d).

14       "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at

15  a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides

16  a case differently than [the] Court on a set of materially indistinguishable acts." *Williams v. Taylor*, 529 U.S.

17  362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ

18  if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably

19  applies that principle to the facts of the prisoner's case." *Id.* at 413.

20

21  **DISCUSSION**

22       Respondent contends that Melchiorre's petition must be dismissed as untimely because it was filed

23  more than a year after the judgment became final. Melchiorre argues that his petition is timely under an

24  exception to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") because it was filed within

25  one year of the Supreme Court's decision in *Stogner v. California*, 539 U.S. 607 (2003), which Melchiorre

26  contends announced a new rule of constitutional law. *See* 28 U.S.C. § 2244(d)(1)(C) (providing that the one

27  year period for filing a petition may begin on "the date on which the constitutional right asserted was initially

28

3

**United States District Court**
For the Northern District of California

1 recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

2 retroactively applicable to cases on collateral review."). However, the Court need not decide whether

3 Melchiorre's petition falls within this exception because, even assuming that Melchiorre's petition is timely, the

4 Court concludes the petition fails on the merits.

5 Melchiorre claims that California Penal Code Section 803(g) is an unconstitutional ex post facto law

6 as applied to his prosecution. That law provides:

7 (1) Notwithstanding any other limitation of time described in this chapter, a criminal complaint
may be filed within one year of the date of a report to a California law enforcement agency by
8 a person of any age alleging that he or she, while under the age of 18 years, was the victim of
a crime described in Section 261, 286, 288, 288a, 288.5, 289, or 289.5.

9

10 (2) This subdivision applies only if all of the following occur:

11 (A) The limitation period specific in Section 800, 801, or 801.1, whichever is    later,
has expired.
12 (B) The crime involved substantial sexual conduct, as described in subdivision    (b) of
Section 1203.066, excluding masturbation that is not mutual.
13 (C) There is independent evidence that corroborates the victim's allegation. If t h e
victim was 21 years of age or older at the time of the report, the independent    evidence shall
14 clearly and convincingly corroborate the victim's allegation.

15 (3) No evidence may be used to corroborate the victim's allegation that otherwise would be
inadmissible during trial. Independent evidence does not include the opinions of mental health
16 professionals.

17 Cal. Pen. Code § 803(g). Melchiorre was convicted of criminal conduct falling within Section 803(g)

18 committed between January 1, 1988 and January 9, 1989. Charges were brought against Melchiorre on June

19 16, 2000, well outside of the six-year limitations period imposed by Section 800 of the California Penal Code.

20 Therefore, the charges would have been dismissed but for the extension of the limitations period by Section

21 803(g).

22 The entire basis for Melchiorre's habeas petition is the United States Supreme Court's decision in

23 *Stogner v. California,* 539 U.S. 607 (2003). In *Stogner,* the Court held that "a law enacted after the

24 expiration of a previously applicable limitations period violates the Ex Post Facto Clause when it is applied to

25 revive a previously time-barred prosecution." 539 U.S. at 632-33.[1] Section 803(g) first became effective on

26

27 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

28 [1] Stogner was indicted in 1998 for sex-related child abuse committed between 1955 and 1973. *Id.*
at 609.

4

**United States District Court**
For the Northern District of California

1  January 1, 1994,[2] and the Supreme Court found it to be an ex post facto law as applied to molestations which

2  occurred prior to January 1, 1988 because the six-year limitations period on those crimes had expired prior

3  to the effective date of Section 803(g).[3]  Importantly, the *Stogner* court distinguished between reviving

4  prosecutions where limitations periods have already expired, which it held unconstitutional, and extensions of

5  unexpired statutes of limitations, which the Court expressly stated its holding did not affect.  *Id.* at 618.

6          The Superior Court for the County of San Mateo found no ex post facto bar to the charges on which

7  petitioner was convicted.  The court held:

8          Petitioner challenges his convictions on the ground that his prosecution is barred by the ex post
         facto clause of the United States Constitution as interpreted in Stogner v. California (2003)
9          123 S. Ct. 2446.  He contends that, since the six-year statute of limitations on the offenses
         expired in January 1995 but the provision of PC § 803(g) that revived the statute of limitations
10         on his offenses did not become effective until 1996, the statute had run before it was revived,
         resulting in an ex post facto violation under Stogner.
11
12         Despite Petitioner's contentions to the contrary, the 1997 version of PC § 803(g) was not
         found to be completely unconstitutional.  As the United States Supreme Court reasoned in
13         Stogner, the law is only unconstitutional when it is applied to cases where the statute of
         limitations for the offense has completely expired before the law was enacted.  123 S. Ct. at
14         2461.

15         Here, there was a version of the law in effect prior to the expiration of the statute of limitations
         for the PC § 288(a) offenses of which Petitioner was convicted.  Since those offenses were
16         alleged to have taken place "on and between 1/1/88 and 1/9/89," the statute of limitations for
         the offense would have expired at the latest in 1995, thus, the 1994 version of Penal Code
17         section 803(g) would have legitimately applied to allow for prosecution of the offense even
         under the reasoning of Stogner.

18  Petition, Ex. A at 1-2.

19          This Court agrees with the Superior Court's analysis that *Stogner* does not render Melchiorre's

20  conviction unconstitutional because he was convicted of crimes occurring in 1988 and 1989, and the statute

21  of limitations on these crimes had not expired at the time that Section 803(g) was enacted.[4]  As the California

22

23          [2] Section 803(g) was amended in 1996, effective 1997, to add a provision making it specifically
24  retroactive to offenses which occurred before, on or after January 1, 1994.

25          [3] When section 803(g) first became effective on January 1, 1994, the statute of limitations for child
   molestation was six years.  Thus the existing six-year limitation period had expired for pre-1988 claims before
26  section 803(g) was enacted, but not for claims which arose on or after January 1, 1988.

27          [4] Petitioner also argues that he was prosecuted under the version of Section 803(g) that was struck
   down in *Stogner*.  However, this fact is of no consequence because it is undisputed that petitioner was only
28  convicted of crimes that occurred between 1988 and 1989, and the 1994 version of Section 803(g) validly
   extended the statute of limitations on these crimes.  *See Renderos*, 114 Cal. App. 4th at 965-66.

United States District Court

For the Northern District of California

1 | Court of Appeal held in *People v. Renderos*, 114 Cal. App. 4th 961 (2003), which the California Court of

2 | Appeal cited in its denial of Melchiorre's habeas petition, Section 803(g) operates as an "extension" statute

3 | as applied to offenses from January 1, 1988 and thereafter, and not as an unconstitutional "revival" statute. *Id.*

4 | at 966.  In *Renderos*, the petitioner raised a virtually identical claim to that raised by Melchiorre in the instant

5 | petition.  Renderos was convicted of criminal conduct falling within Section 803(g) committed between May

6 | 1, 1992 and September 19, 1994, and charges were brought against him in 2001, after the six-year statute of

7 | limitations had expired.  *Id.* at 964. Thus, as in the instant case, without the extension of the limitations period

8 | in Section 803(g), the charges against Renderos would have been dismissed.

9 | The California Court of Appeal rejected Renderos' claim that his prosecution was barred by the Ex

10 | Post Facto Clause:

11 | > [T]he only consequence of *Stogner* is that any enumerated crime must be committed or the
12 | > limitations period in section 800 or 801 must expire after January 1, 1994 (the effective date
   | > of the statute) in order for the extended one-year period to apply.  Because the limitations
   | > period in section 800 for all the offenses charged in this case expired after January 1, 1994,
13 | > section 803(g) does not violate any constitutional provision against *ex post facto* laws.

14 | *Id.* at 965.  The court also explained how Section 803(g) operated on a practical level:

15 | > Subdivision (g) of section 803, provides: "*Notwithstanding any [other]  limitation*" in
   | > section 800 or 801, the People may pursue a prosecution of certain sexual offenses involving
16 | > minors within one year from the time a victim files a report.  The proviso that the subsection
   | > does not apply until the statute of limitations has expired in section 800 or 801 "obviously
17 | > ensures that the one-year period in section 803(g)(1) does not override or otherwise conflict
   | > with sections 800 or 801 where the victim reports the crime to a qualifying law enforcement
18 | > agency before the three-year or six-year period set forth in the latter provisions 'has expired.'
   | > In this way, the limitations period in section 803(g) – like other 'tolling' and 'extension'
19 | > provisions in the same statute – serves to prolong, rather than shorten, the time in which a
   | > felony child molestation prosecution may be commenced."

20 |

21 | *Id.* (quoting *People v. Frazer*, 21 Cal. 4th 737, 752 (1999)).  Here, as with *Renderos* and unlike in *Stogner*,

22 | the statute of limitations on Melchiorre's 1988 and 1989 crimes had not expired at the time that Section 803(g)

23 | was first effective.  Thus, Section 803(g) simply extended the statute of limitations on Melchiorre's offenses,

24 | and there was no ex post facto violation.

25 | In concluding that Melchiorre's petition fails on the merits, the Court also finds instructive Judge

26 | Breyer's decision denying Renderos' federal habeas petition.  *See Renderos v. Ryan*, 2005 WL 1629816

27 | (N.D. Cal. July 7, 2005).  As Judge Breyer held in denying Renderos' claim that his prosecution under section

28 | 803(g) was unconstitutional,

In finding that section 803(g) extends the limitations period before it expires as applied to post-1987 offenses, the state appellate court ruling [in *People v. Renderos*] was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent as defined by *Stogner*. . . .   The California Court of Appeal's interpretation of 803(g) is entirely reasonable and a fair indication of how the California Supreme Court would view the statute.

*Id.* at *8.  The Court agrees that the state courts' interpretation of Section 803(g) as extending the limitations period for post-1987 offenses is not contrary to the Supreme Court's decision in *Stogner*.  Accordingly, because Melchiorre was convicted of post-1987 crimes, and because Section 803(g) operated to extend the statute of limitations on these crimes and not revive expired statutes of limitations, the Court concludes that Melchiorre's ex post facto challenge fails.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the petition for writ of habeas corpus.

**IT IS SO ORDERED.**

Dated:   January 9, 2006

SUSAN ILLSTON
United States District Judge

**United States District Court**

For the Northern District of California

7